ARKANSAS COMMUNITY ORGANIZATIONS FOR REFORM NOW, Johnson Bankhead, Lela M. Barker, Mr. and Mrs. Sidney Basham, R. E. and Hazel Blevins, Frank Burden, Mae Clark, Magnolia Davis, Abdula K. Dimarob, Arthur L. Evans, Julia Hall, Elena Hanggi, Wayne Harris, Macy and Dorothy Hill, Letha Lewis, Elizabeth McAllister, Iva Dean McCuien, Marie McCullough, Mildred McCullough, Pearline McCullough, Clarence McLane, Effie Mae Medlock, Georgia L. Mier, Eddie Momphiry, Minerva Morgan, Doris Naramor, Richard Puchalski, C. R. and Nellie Richardson, Walter Ringo, Carroll Robertson, Pearlie M. Romes, Earl L. Rose, Joe H. Schwartz, Colleen Sellard, Adolph Shaw, Raymond and Mable Turner, John G. Westover, Rubye Wilkerson, and Virgil Windham, Plaintiffs,

v.

ARKANSAS STATE BOARD OF OPTOMETRY, Charles E. Bowers, E. L. McDaniel, David Harner, Gregg Simpson, Darrell Broadway, the Arkansas Optometric Association, Inc., Irwin R. Lax, Charles I. Hughes, Howard F. Flippin, Jerry B. Park, Marvin J. Robertson, Claude M. Walters, John C. Beane, Jr., Donald W. Freel, Charles M. Moyers, William H. Townsend and Hon. Lee A. Munson, Defendants.

No. LR–76–C–73.

United States District Court,
E. D. Arkansas, W. D.

April 18, 1979.

Kenneth L. Schorr, Yougdahl, Larrison & Agee, John M. Bilheimer, Kaplan, Brewer, Bilheimer & Marks, Little Rock, Ark., for plaintiffs.

Robert D. Smith, III, Smith & Jernigan, Burl C. Rotenberry, Deputy Atty. Gen., Little Rock, Ark., for defendants.

Before HENLEY, Circuit Judge, and EISELE and ARNOLD, District Judges.

## MEMORANDUM OPINION

EISELE, District Judge.

Pending before this Court is plaintiffs' motion for attorney's fees. This case concerned a challenge to the constitutionality of certain Arkansas statutes that prohibited the solicitation by optometrists of the sale of eyeglasses. A consent order was entered declaring the statutes to be unconstitutional and enjoining their enforcement by defendants, which included, at that point, the Arkansas State Board of Optometry, certain named individuals of the Board, and the Arkansas Optometric Association.

Plaintiffs' attorney, Mr. Kenneth L. Schorr, has filed a motion for attorney's fees, submitting an affidavit reciting a total of 231.5 hours expended in the prosecution of the lawsuit against the parties to the consent order. A deposition taken of Schorr indicates that for some of the period of this litigation he was employed as counsel to ACORN on an weekly retainer of approximately $50. Based on his customary charge for private services rendered during the pendency of this litigation, Schorr requested attorney's fees of $9,452.50. Shortly thereafter, his co-counsel, Mr. John Bilheimer, submitted an affidavit reciting that he had expended 8.4 hours on matters relating to the consent order. Objections to an award of fees were filed by the attorneys for the defendants. These objections do not challenge the hours claimed, but rather speak to the propriety of the amount of the award claimed.

█ Inasmuch as this litigation was brought pursuant to 42 U.S.C. § 1983, it is clear that a prevailing party is entitled to an award of attorney's fees under 42 U.S.C. § 1988 (1976). The action was commenced prior to the 1976 amendment to the statute permitting fees to prevailing parties in civil rights actions, Civil Rights Attorney's Fees Awards Act of 1976, Pub.L.No. 94–559, 90 Stat. 2641. The amendment, however, is retroactive for cases pending at its adoption. *Gay Lib v. University of Missouri*, 558 F.2d 848 (8th Cir. 1977) (remanding cause to the district court to determine attorney's fee at the trial court in a matter already pending before the Court of Appeals at the time of adoption of the 1976 amendment), *cert. denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 789 (1978).[1] Furthermore, it is clear that the consent order, declaring the unconstitutionality of the statutes at issue and enjoining the defendants from enforcing the statutes, sufficiently provides the indicia of success necessary to justify an award of fees under the Act. The form in which plaintiffs' success is achieved is irrelevant. *See, e. g., Kimbrough v. Arkansas Activities Association*, 574 F.2d 423, 426 (8th Cir. 1978); *Brown v. Culpepper*, 559 F.2d 274 (5th Cir. 1977). Nor is it relevant that the defendants acted

1. It may be argued that the Supreme Court's affirmance of the district court's fee award in *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), casts some doubt upon the award of fees under section 1988 for work done before the effective date of the Act because of the Court's express reliance on the alternative rationale for the award of the defendant's bad faith, under *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1974), rather than upon section 1988. *See Finney*, 437 U.S. at 689 n.13, 98 S.Ct. 2565. On closer examination, however, this concern proves to be unfounded because the Court in *Finney* upheld the Eighth Circuit's award of fees under section 1988 for work done at the appellate level, which work itself had been, in large part, done before the effective date of the Civil Rights Attorney's Fees Awards Act. The Eighth Circuit's decision was filed on December 16, 1976, but, apart from oral arguments, all significant work on the part of appellees' attorneys, including the preparation and filing of the brief, occurred prior to October 16, 1976, the effective date of the Act. Thus, the Supreme Court decision in *Finney* actually upheld, *sub silentio*, a retroactive award of attorneys' fees under section 1988.

in good faith in opposing the plaintiff's complaint. Under the provisions of the Civil Rights Attorney's Fees Awards Act of 1976, federal courts may award prevailing parties reasonable attorney's fees " 'as a part of the costs.' " *Hutto v. Finney*, 437 U.S. 678, 693, 98 S.Ct. 2565, 2574, 57 L.Ed.2d 522 (1978). As a prevailing party, plaintiffs are entitled to an award of attorney's fees " 'unless special circumstances would render such an award unjust.' " *Pickett v. Milam*, 579 F.2d 1118, 1120 (8th Cir. 1978) (citations omitted).

Defendants' argument against the award of fees is, in essence, that they should not be required to bear the cost of the efforts of the plaintiffs' attorneys in light of the unsettled state of the law at the time of filing of the complaint, and in light of the dispatch with which the defendants moved toward settlement once the Supreme Court spoke definitively on the issue of professional advertising. *See Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); *cf. Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976).

■ The legislative history, however, makes it clear that the purpose of the Attorney's Fees Act was to ensure that individual plaintiffs, as "private attorneys general," be able to assert and vindicate their civil rights in the courts. *See S.Rep.No.* 1011, 94th Cong., 2d Sess. 2–5, *reprinted in* (1976) U.S.Code Cong. & Admin.News, pp. 5908, 5909–13. If the law is unsettled, the need for court action to clarify the law and to protect the interest of the plaintiffs may be greater, not less, than when the rights and duties of the parties are clear. The purpose of the Act is to ensure the enforcement of plaintiffs' rights, not to punish recalcitrant defendants. This purpose is served if fees are awarded to successful litigants in litigation which defines or redefines the law. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974).

The defendants' willingness to settle the litigation once their earlier position became untenable may, of course, be relevant in determining the amount of fees reasonably to be awarded to plaintiffs' attorneys. Too, such a move toward conciliation should reduce the time that plaintiffs' attorneys will require to expend in the prosecution of their lawsuit, and thus ultimately reduce the number of hours that plaintiffs' attorneys may claim as having been expended in the litigation. Nevertheless, the defendants' willingness to compromise a lawsuit already over a year old does not abrogate the plaintiffs' right to an award of attorney's fees.

■ The Board of Optometry and the individual members of the Board named as plaintiffs argue that an award of fees is barred as to them by the Eleventh Amendment. The intent of the Attorney's Fees Act is that fees assessed against a state agency or state officials acting in their official capacity be obtained ultimately from the state government, whether or not the state is named as a party. *See S.Rep.No.* 94–1011, *supra*, at 5; (1976) U.S.Code Cong. & Admin.News at 5913. However, such fees are imposed as a part of costs, and thus may be awarded without infringing upon the state's Eleventh Amendment immunity. *Hutto v. Finney, supra*, 437 U.S. at 693–700, 98 S.Ct. 2565.

■ The Arkansas Optometric Association presents a more substantial defense to the imposition of attorney's fees. The Association has no authority to enforce any rules or regulations of the Board of Optometry. The consent order imposes no direct sanctions on the Association, and changes none of its rights. The relief that plaintiffs obtained was from the Board, not the Association. Although the plaintiffs were the prevailing party in the litigation, in no sense did they "prevail" against the Association.

The deposition of the plaintiffs' attorney reveals that the Association did participate in the settlement negotiations, and that the plaintiffs' attorney believed that the consent order could reach conduct, such as the disciplining of members, which might be

reached through the consent decree. In addition, the plaintiffs' attorney expressed his understanding that the Association had the power to nominate members of the Board and that Board members are required to be members of the Association. Deposition of Kenneth L. Schorr, at 13–16.

Although the plaintiffs presented a theory of liability as to the Association, alleging in the complaint a conspiracy between the Board and the Association to violate the rights of the plaintiffs, nothing in the order indicates how the Association is restrained or otherwise affected by the order. The order speaks primarily to the Board's role in enforcing the statute. Unquestionably, the Association participated in the settlement negotiations, and was party to the consent order. Fairly viewed, however, it was the Board, and not the Association, that was prevailed upon.

Although naming the Association as a defendant in this litigation may well have been a valid litigation tactic, and although it might have been possible for the plaintiffs to prevail against the Association had the matter been tried on the merits, an award of fees must be based on the actual relief obtained by the plaintiffs. Where, as here, the plaintiffs did not prevail as to one of several defendants, the Attorney's Fees Act would not seem to justify a judgment for fees against that defendant, and hours spent uniquely on matters related to that defendant should not be reimbursed by an award of fees against other defendants.

In this regard a recent decision of the Eighth Circuit should be examined. In *Brown v. Bathke*, 588 F.2d 634 (8th Cir. 1978), the plaintiff, the prevailing party in a civil rights action, appealed from a district court order granting attorney's fees for only that time spent by her counsel on the issue on which she ultimately prevailed, and denying fees for time spent in issues on which she did not prevail. The Eighth Circuit recognized the intent of the Attorney's Fees Act to be that "*counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on*

*a matter.'*" *Id.* at 637, *quoting* S.Rep.No. 94–1011, *supra*, at 6 (1976), U.S.Code. Cong. & Admin.News at 5913 (citations omitted). Therefore, the court ruled, "[a]ttorney's fees for a claim which is reasonably calculated to advance a client's interests should not . . . be denied solely because that claim did not provide the precise basis for the relief granted." *Brown, supra*, at 637 (footnote omitted). Because of the interrelationship of claims and the difficulty in characterizing claims as ones on which a party has prevailed, particularly since a court may deliberately choose not to reach valid constitutional claims, the court disapproved of "[t]he mechanical division of claimed hours into those expended on issues on which the plaintiff ultimately prevailed and those expended on issues on which the plaintiff did not, with compensation given only for the former . . . ." *Id.* n.5. The court indicated that the relief which the plaintiff obtained in the case as a whole could be a factor in a determination by the trial court of attorney's fees. Read in connection with *Greminger v. Seaborne*, 584 F.2d 275, 279 n.5 (8th Cir. 1978), however, *Brown* appears to mandate that an attorney be reimbursed for all hours that he expends on nonfrivolous issues, so long as he prevails on some issue.

Like issues, parties may be interrelated and there may be valid, or even compelling, reasons for a plaintiff to name as defendants parties against whom, for one reason or the other, he does not ultimately prevail. *Brown* could be read to suggest that a plaintiff who only prevails as to one of several defendants is entitled to the hours expended in litigation against all parties not frivolously named as defendants (or whose serving as defendants was "reasonably calculated to advance a client's interests"). However, there would appear to be crucial distinctions between a plaintiff who prevails as to certain issues and one who prevails as to certain parties. The foremost of these is that it would be untenable to require the party who is prevailed against in a lawsuit to bear the cost of plaintiff's unsuccessful litigation against other defendants. If a plaintiff's complaint states a

valid claim against a defendant, he should be entitled to an award of fees—but the plaintiff should be compelled to obtain those fees from that defendant. The plaintiff will receive complete reimbursement for his time expended if he prevails against each party he names. If he does not prevail against certain parties, and is not reimbursed for his time thus expended, he will be no worse off, in terms of his entitlement to fees, than if he had sued each defendant separately.

█ The logic of *Brown*, however, should make it clear that the defendant prevailed against will have to bear the full cost of plaintiff's time expended in matters that cannot be clearly identified as relating solely to another defendant. In the instant matter, for example, the plaintiffs have claimed for time preparing for hearings that involved all defendants. Unless the issues touched upon in these hearings were completely unrelated to claims against the defendant against whom the plaintiff prevailed (which is not the case here), the plaintiff is entitled to full reimbursement from that defendant.

█ The guidelines for attorney's fees under 42 U.S.C. § 1988 set forth by the Fifth Circuit in *Johnson, supra*, at 717–19, have been expressly approved by the Eighth Circuit. *Allen v. Amalgamated Transit Union Local 788*, 554 F.2d 876, 884 (8th Cir.), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). In general the minimum award should not be less than the number of hours claimed times the attorney's regular hourly rate. *Greminger v. Seaborne*, 584 F.2d 275, 279 n.5 (8th Cir.

1978). The fact that the attorney is organizational counsel of the plaintiffs should not be a factor in determining the appropriate attorney's fee, as the relationship between plaintiff and counsel does not alter the party's interest in the vindication of constitutional rights. *See, e. g., Schmidt v. Schubert*, 433 F.Supp. 1115 (E.D.Wis.1977).

█ Mr. Bilheimer's affidavit indicates a total of 8.4 hours that fairly could be assessed against the Board. He does not indicate his regular hourly rate during this period. At an hourly rate of $35, the fee award for Mr. Bilheimer, therefore, is $294.00. Striking from Schorr's claim the hours spent on matters uniquely pertaining to the Association [2] (he makes no claim for hours spent solely on other parties later dismissed), there remain 194.5 hours, chargeable at $35 per hour for a total of $6,807.50.

Thus, $7,101.50 is the minimum amount that the Court should award. Since plaintiffs' attorney in his reply brief asserts that he seeks only the amount actually claimed, supplemented by the time invested by his co-counsel, and 3.5 hours expended by himself in the motion for attorney's fees (hours cognizable under the Attorney's Fees Act, *see Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977)), there is no need to consider the multiplier that might otherwise be mandated by the factors enumerated in *Zoll v. Eastern Allamakee Community School District*, 588 F.2d 246 (8th Cir. 1978). The hours claimed, listed by task, for each attorney, with appropriate designations of disallowed hours, are set forth in the Appendix.

Judgment will be entered accordingly.

## APPENDIX: HOURS CLAIMED

KENNETH L. SCHORR

| Item | Hours |
|---|---|
| Initial legal research | 22.0 |
| Location of expert witnesses | 12.5 |

[2] It should be noted that thus excluded are 28 hours spent answering interrogatories propounded by defendant Association. Perhaps it would be reasonable to grant the plaintiff attorney's fees for the time thus expended. Presumably, however, the plaintiffs' attorney ran the risk of such an uncompensated expenditure of time by naming as defendant a party which proved not to be crucial to the relief sought by the plaintiffs.

| Item | Hours |
|---|---|
| Conferences with clients prior to filing of complaint | 6.0 |
| Drafting initial pleadings: complaint, interrogatories, requests for admissions | 18.0 |
| Motion for a Temporary Restraining Order, brief and hearing | 7.5 [1] |
| Motion of Defendant to Drop Improper Parties Defendant | 1.0 [1] |
| Motions to Compel Discovery | |
|     as to defendant Board | 4.0 |
|     as to defendant Association | 5.5 |
|     as to defendant Munson | 3.5 [1] |
| Second interrogatories to defendant Association | 3.5 |
| Answers to interrogatories propounded by defendant Association | 28.0 [2] |
| Additional research in light of Virginia Pharmacy | 4.0 |
| Motion for a Preliminary Injunction or Summary Judgment, brief | 32.5 |
| Pretrial, January 7, 1977, scheduling, preparation, appearance and letter confirming agreements | 6.5 |
| Contempt Motion | 4.0 |
| Additional research in light of Bates and O'Steen | 3.5 |
| Pretrial, July 12, 1977, scheduling preparation, appearance and letter confirming agreements | 6.0 |
| Trial preparation, Local Rule 9 Statement, conferences with witnesses, final briefs on disputed issues | 26.0 |
| Preparation of proposed stipulations and concent orders, negotiations and settlement | 24.5 |
| Conferences with client, total subsequent to filing of complaint | 26.0 |
| Motion on attorney's fees | 3.5 |

## JOHN M. BILHEIMER

| Item | Hours |
|---|---|
| Initial consultations with Kenneth Schorr | 1.5 |
| Research—advertising and First Amendment issues | 3.0 |
| Review of draft of complaint and discussion with Schorr | 2.0 |
| Review of draft of interrogatories and discussion with Schorr | 0.5 |
| Miscellaneous phone conversations with court officials and opposing counsel (primarily regarding scheduling of hearings and responses) | 0.7 |
| Miscellaneous telephone and personal conversations with Schorr and review of pleadings, subsequent to initial filing | 0.7 |
| Research—Younger v. Harris | 1.5 [3] |
| Preparation for and attendance at hearing on request for temporary restraining order | 3.0 [3] |

1. These items are not included in the total time spent as relating solely to parties found unnecessary, and therefore not being "necessarily" expended in the prosecution of the suit. (These hours not claimed by Schorr.)

2. These hours excludable under proposed analysis as relating solely to party not prevailed against (hours claimed by Schorr at $35 per hour).

3. These hours excludable under proposed analysis as relating solely to party not prevailed against (hours claimed by Bilheimer).