STATE of Wisconsin EX REL. Warren E. HODGE, Plaintiff-Appellant-Petitioner,

v.

TOWN OF TURTLE LAKE, Richard Fick, James Kasper and Ray Ruff, Defendants-Respondents.

Supreme Court

*No. 92–1807. Oral argument September 8, 1993.—Decided December 7, 1993.*

(Also reported in 508 N.W.2d 603.)

For the plaintiff-appellant-petitioner there were briefs by *Daniel W. Hildebrand, Don M. Millis* and *Ross & Stevens, S.C.,* Madison and oral argument by *Daniel W. Hildebrand.*

For the defendants-respondents there was a brief by *Gwen Kuchevar, Catherine R. Quiggle* and *Rodli, Beskar & Boles, S.C.,* River Falls and oral argument by *Gwen Kuchevar.*

Amicus curiae brief was filed by *Linda M. Clifford* and *LaFollette & Sinykin,* Madison for Wisconsin Newspaper Association.

Amicus curiae brief was filed by *Thomas W. Harnisch,* legal counsel, Madison for The Wisconsin Towns Association.

WILLIAM A. BABLITCH, J. The Town of Turtle Lake Supervisory Board (Board) deliberated in closed session on Warren E. Hodge's (Hodge) permit application to store junked automobiles. The court of appeals held that the Board's actions were authorized under the exemption to the Open Meetings Law which allows closed deliberations concerning a case which is the subject of any judicial or quasi-judicial trial or hearing. Hodge seeks review, arguing that the exemption does not apply. We agree. We conclude that the hearing, including the closed deliberations, was not a "case" within the meaning of the exemption found in the Open Meetings Law. Accordingly, we void the decision by the Board. We remand to the circuit court for a determination on attorney's fees and with directions to remand to

the Board for reconsideration of the permit application in a manner consistent with the Open Meetings Law.

The relevant facts are undisputed. On November 19, 1990, Hodge petitioned the Town of Turtle Lake for a permit to store junked automobiles within 500 feet of the centerline of Fourth Street and Ninth Avenue in the Town of Turtle Lake, Barron County. The Board initially denied Hodge's petition for the permit and upon review requested by Hodge, voted to uphold the denial.

Hodge then filed suit and the Barron County Circuit Court entered judgment reversing and setting aside the denial of the permit and ordering the Board to set forth the findings of fact and reasons for granting or denying Hodge's permit.

The Board scheduled a special meeting to reconsider the permit request. A notice of the meeting was published in the local newspaper and posted in three places in town.

At the Board meeting on August 19, 1991, Hodge spoke first in favor of the permit, and then several citizens spoke against it. The record lacks any indication that the hearing possessed the characteristics of a traditional judicial proceeding. It contains no evidence which would suggest that counsel for Hodge or the other participants was present, that Hodge or the other participants were under oath, or that the rules of evidence applied to any of the testimony presented. After listening to the witnesses, the Board unanimously voted to go into closed session to consider the matter noting that it was relying on sec. 19.85(1)(a), Stats.[1] After the closed deliberations, the Board returned and unanimously voted to deny the permit.

---

[1] The Board likely intended to cite sec. 19.85(1)(a), Stats. Sections 19.85 and 19.85(1)(a), state:

Subsequently, Hodge submitted a verified complaint to the Barron County district attorney claiming that the Board's closed deliberations violated the Open Meetings Law and asking the district attorney to prosecute. The district attorney refused to do so.

Hodge filed suit claiming that the Board's actions violated the Wisconsin Open Meetings Law contained in secs. 19.83[2] and 19.85, Stats. The circuit court granted summary judgment to the Town of Turtle Lake and the Board.

In an unpublished opinion, the court of appeals affirmed, concluding that the exemption contained in sec. 19.85(1)(a), Stats., authorized the closed delibera-

---

**Exemptions.** (1) Any meeting of a governmental body, upon motion duly made and carried, may be convened in closed session under one or more of the exemptions provided in this section. The motion shall be carried by a majority vote in such manner that the vote of each member is ascertained and recorded in the minutes. No motion to convene in closed session may be adopted unless the chief presiding officer announces to those present at the meeting at which such motion is made, the nature of the business to be considered at such closed session, and the specific exemption or exemptions under this subsection by which such closed session is claimed to be authorized. Such announcement shall become part of the record of the meeting. No business may be taken up at any closed session except that which relates to matters contained in the chief presiding officer's announcement of the closed session. A closed session may be held for any of the following purposes:

(a) Deliberating concerning a case which was the subject of any judicial or quasi-judicial trial or hearing before that governmental body.

[2] Section 19.83, Stats., states:

**Meetings of governmental bodies.** Every meeting of a governmental body shall be preceded by public notice as provided in s. 19.84, and shall be held in open session. At any meeting of a governmental body, all discussion shall be held and all action of any kind, formal or informal, shall be initiated, deliberated upon and acted upon only in open session except as provided in s. 19.85.

69

tions because the power of a municipal corporation to issue permits is a quasi-judicial function, citing *Allstate Ins. v. Metropolitan Sewerage Comm.*, 80 Wis. 2d 10, 17, 258 N.W.2d 148 (1977). We granted Hodge's petition for review.

We first consider the issue of whether the closed deliberations of the Board were authorized under sec. 19.85(1)(a), Stats. We must interpret sec. 19.85(1)(a) to determine if the particular facts constitute a violation of the Open Meetings Law. A question of statutory construction is a question of law. *Sacotte v. Ideal-Werk Krug & Priester,* 121 Wis. 2d 401, 405, 359 N.W.2d 393 (1984). Questions of law are reviewable *ab initio* by this court. *Revenue Dept. v. Milwaukee Brewers,* 111 Wis. 2d 571, 577, 331 N.W.2d 383 (1983). Thus, we owe no deference to the lower court's resolution of the issue. *State ex rel. Newspapers v. Showers,* 135 Wis. 2d 77, 85, 398 N.W.2d 154 (1987). Finally, sec. 19.81(4) requires us to liberally construe the Open Meetings Law to achieve the purpose of providing the public with the fullest and most complete information possible regarding the affairs of government.

Section 19.85(1)(a), Stats., the exemption upon which the Board relies, states that a closed session may be held for the purpose of, "[d]eliberating concerning a case which was the subject of any judicial or quasi-judicial trial or hearing before that governmental body."

The Board contends that an appropriate interpretation of sec. 19.85(1)(a), Stats., is one which recognizes that the granting of a permit is a quasi-judicial hearing. In support of this argument, the Board cites *Allstate*, 80 Wis. 2d at 17, and *Corrao v. Mortier,* 7 Wis. 2d 494, 498, 96 N.W.2d 851 (1959), in which this court

determined that the issuance of a permit is a quasi-judicial function for purposes of sec. 895.43(3), the former governmental immunity statute.

Hodge argues that these cases are inapplicable to this analysis of the Open Meetings Law. The concept of a "case which was the subject of any judicial or quasi-judicial trial or hearing", is unique to the Open Meetings Law and, Hodge says, must be analyzed without deference to the tort immunity cases cited by the Board. We agree.

We begin our analysis with a basic premise set forth in sec. 19.83, Stats.: "[e]very meeting of a governmental body . . . shall be held in open session" and "all action . . . shall be . . . deliberated upon . . . in open session . . . ." The application and granting of a permit by a town board falls within the purview of this mandate in every respect. The only exception to this mandate is if the meeting qualifies under an exemption to the Open Meetings Law contained in sec. 19.85. We thus examine the exemption contained in sec. 19.85(1)(a) keeping in mind that the exemption should be construed strictly in light of the legislative mandate of sec. 19.81(4) to construe the Open Meetings Law liberally in order to achieve the purpose of providing the public with the fullest and most complete information possible regarding the affairs of government.

The language "concerning a case" in sec. 19.85(1)(a), Stats., was part of an addition to sec. 19.85(1)(a) in 1977. The 1975 version allowed closed deliberations after any quasi-judicial trial or hearing. The statute was amended in 1977 to allow closed deliberations "concerning a case which was the subject of

71

any judicial trial or hearing before that governmental body."

In attempting to discern the meaning of the exemption, we, like the court of appeals, find the legislative history to be unhelpful. We conclude, however, that the language "concerning a case" was added to clarify the legislature's intention to limit the exemption. Any other construction of the language would render the word "case" superfluous, a result which we are to avoid in construing a statute. *Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 250, 493 N.W.2d 68 (1992). Had the legislature intended to allow any quasi-judicial function to be excepted from the Open Meetings Law it need not have added the language "concerning a case" in the 1977 revision since the draft in effect before 1977 which allowed closed deliberations after any quasi-judicial trial or hearing clearly accomplished that purpose.

The word "case" seems to connote, at the very least, an adversarial setting with opposing parties. "Case" is defined in Black's Law Dictionary as:

> A general term for an action, cause, suit, or controversy, at law or in equity; a question contested before a court of justice; an aggregate of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. A judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected, or wrongs are prevented or redressed; any proceeding judicial in its nature. Black's Law Dictionary 215 (6th ed. 1990).

It has also been addressed by this court in *Lamasco Realty Co. v. Milwaukee*, 242 Wis. 357, 381, 8 N.W.2d

372 (1943): "The word 'case' is not one of definite legal content. It relates to matters of fact or conditions involved in a controversy . . . ." Additionally, Wisconsin's Administrative Procedure and Review Act defines "contested case" in sec. 227.01(3), Stats., as:

> [A]n agency proceeding in which the assertion by one party of any substantial interest is denied or controverted by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order.

Finally, the term "case" has been defined in a similar manner by other courts. For example, the federal district court in the District of Columbia stated, "case, in legal terminology is a proceeding by which one party seeks to obtain relief against another named in the suit." *Gomez v. United Office And Professional Workers*, 73 F. Supp. 679, 682 (D.D.C. 1947). *See also Lum v. Sun*, 769 P.2d 1091, 1097 (Haw. 1989) (" 'In a legal sense, "case" is generally understood as meaning a judicial proceeding for the determination of a controversy between parties where rights are enforced or wrongs are prevented or redressed.' "); *Leitner v. Lonabaugh*, 402 P.2d 713, 718 (Wyo. 1965) (defining "case" as an action commenced as a judicial proceeding where adverse parties have tendered issues for adjudication); *Bell v. Mar-Mil Steel and Supply Co.*, 309 So. 2d 471, 474 (Ala. 1975) (defining "case" as a "contested question before a court of justice").

An examination of these cases reveals that the definition of the word "case" contemplates a controversy between or among parties who are adverse to one another and a type of proceeding designed to redress wrongs or enforce rights. It does not connote the idea of

mere application and granting of a permit. The Board meeting did not possess characteristics common to adversarial proceedings. Hodge was the only party here seeking a permit. The Board, as the governmental decision-making body like such bodies as the Wisconsin Employment Relations Commission, was not "a party in interest in the adversarial sense". *See Guthrie v. WERC*, 111 Wis. 2d 447, 460, 331 N.W.2d 331 (1983). Furthermore, although the Board heard testimony from interested neighbors, the neighbors were not and could not have been made parties, they were not under oath and the rules of evidence did not apply to their testimony.

The Board meeting resembled a judicial proceeding only in that the Board was making a decision which would impact a particular individual. This alone, however, is insufficient to conclude that the exercise was a "case" within the exemption to the Open Meetings Law contained in sec. 19.85(1)(a), Stats.

We conclude then, that the hearing of the Board, including the deliberations, was not a "case" within the meaning of the exemption to the Open Meetings Law contained in sec. 19.85(1)(a), Stats. Therefore, the Board conducted the closed deliberations in violation of the Open Meetings Law.

Hodge also contends that the Board violated several technical requirements necessary to hold closed deliberations under the Open Meetings Law. Because we find that the closed deliberations were unauthorized under the law, we do not reach these other issues.

We next determine the appropriate remedy. Section 19.97(4), Stats., provides that Hodge may bring an action under secs. 19.97(1)–(3) if the district attorney refuses to commence an action under the Open Meet-

ings Law. Since the district attorney refused to prosecute the Board, Hodge is empowered to bring an action and is entitled to have the decision voided if we find that the public interest in enforcing the Open Meetings Law outweighs the public interest in sustaining the Board's actions. Section 19.97(3).

The purpose of the Open Meetings Law is to protect the public's right to be informed to the fullest extent regarding the affairs of government. *St. ex rel. Badke v. Greendale Village Bd.*, 173 Wis. 2d 553, 566, 494 N.W.2d 408 (1993). The public's interest in enforcing the Open Meetings Law weighs heavily in matters such as this where governmental bodies discuss topics of public controversy and concern behind closed doors.

The public has little discernable interest in allowing the Board in this case to deliberate in closed session. The Board contends that the public's interest lies in promoting full and frank discussion on Hodge's permit application. The Board emphasizes the importance of the closed deliberations in this instance by reminding us that this was the first time in seven years that it held closed deliberations. All that we can discern from this statement, if true, is that this is the first difficult, controversial issue the Board has had in the last seven years. An Open Meetings Law is not necessary to ensure openness in easy, noncontroversial matters where no one cares whether the meeting is open or not. Like the First Amendment which exists to protect unfavored speech, the Open Meetings Law exists to ensure open government in controversial matters. The Open Meetings Law functions to ensure that these difficult matters are decided without bias or regard for issues such as race, gender, or economic

75

status, and with regard for the interests of the community. This requires, with very few exceptions, that governmental meetings be held in full view of the community.

We conclude therefore, that the public interest in enforcing the Open Meetings Law outweighs the public interest in sustaining the Board's action. We void the action of the Board, pursuant to sec. 19.97(4), Stats., and remand to the circuit court with directions to remand to the Board for reconsideration of the permit application in a manner consistent with the Open Meetings Law.

We next consider Hodge's request for costs and reasonable attorney's fees. Section 19.97(4), Stats., gives the circuit court discretion to award "actual and necessary costs of prosecution, including reasonable attorney fees to the relator if he or she prevails, . . . ." Because the circuit court disposed of the matter on a grant of summary judgment to the Board, the issue of attorney's fees was never addressed. Since we conclude, however, that the Board violated the Open Meetings Law, Hodge is properly considered a prevailing relator under sec. 19.97(4), and may be eligible for attorney's fees. We, therefore, remand to the circuit court so that it may determine whether an award of fees from the Town of Turtle Lake is appropriate.

In remanding, however, we are cognizant that there are no cases under the Open Meetings Law to guide such a determination by the circuit court. We, therefore, must fashion the proper standard upon which to award attorney's fees under the Open Meetings Law. In doing so, we examine other actions in

which fees have been awarded to the prevailing party as a guide to our determination.

In *Watkins v. LIRC*, 117 Wis. 2d 753, 345 N.W.2d 482 (1984), reviewing an action for attorney's fees under the Wisconsin Fair Employment Act (WFEA), we held that attorney's fees should be awarded even though not expressly provided for under the WFEA. In awarding attorney's fees, we emphasized the requirement that the WFEA be liberally construed to accomplish the purposes of the Act: to make complainants "whole", to put the complainant in an economic position which allows him or her to enforce his or her rights and the rights of the public under the Act, and to discourage discriminatory practices in employment by encouraging victims to act as "private attorney generals" in enforcing the provisions of the Act. Finally, we stressed that an award was necessary to give meaning to the rights created under the WFEA. We stated, "a right without the means to enforce it is meaningless." *Id.* at 765.

In *Richland School Dist. v. DILHR*, 174 Wis. 2d 878, 908, 498 N.W.2d 826 (1993), we held that the analysis in *Watkins* served as a sufficient basis upon which to award attorney's fees under a statutory provision of the Family Medical Leave Act (FMLA) which explicitly provides for fees. *See also Richland County v. DH&SS*, 146 Wis. 2d 271, 430 N.W.2d 374 (Ct. App. 1988) (awarding appeal costs under the frivolous claims statute because an award advanced the purposes of the statute).

Based on similar policies, the United States Supreme Court has held that under Title II of the Civil Rights Act, which provides for an award of attorney's fees to a prevailing party, attorney's fees should be awarded unless special circumstances exist which

77

would render an award unjust. *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402–03 (1968). In awarding fees, the Court in *Newman* emphasized that the litigant could not recover damages under the Civil Rights Act. Thus, in attempting to obtain an injunction, the litigant would be acting as a private attorney general "vindicating a policy that Congress considered of the highest priority." *Id.* at 402. This presumption in favor of awarding fees has also been applied to other provisions of the Civil Rights Act. *See, e.g., Lea v. Cone Mills Corporation*, 438 F.2d 86, 88 (4th Cir. 1971) (applying the presumption to Title VII); *Hairston v. R&R Apartments.*, 510 F.2d 1090, 1092 (7th Cir. 1975) (applying the presumption to the fair housing provisions of the Civil Rights Act). Additionally, the special circumstances exception has been strictly construed. *See, e.g., Aware Woman Clinic v. City of Cocoa Beach*, 629 F.2d 1146, 1150 (5th Cir. 1980) (holding that special circumstances do not exist simply because the burden of attorney's fees will fall on taxpayers); *Ark. Community Organizations v. Ark. State Bd.*, 468 F. Supp. 1254, 1257 (E.D. Ark. 1979) (holding that good faith is not a bar to an award of attorney's fees).

■

Like prevailing parties under the WFEA, FMLA and the Civil Rights Act, the prevailing relator under the Open Meetings Law serves as a private attorney general by vindicating his or her own rights and the rights of the public to open government. In light of this, and the legislative mandate to construe the Open Meetings Law liberally, we conclude that a prevailing relator under the Open Meetings Law should be awarded attorney's fees if an award would advance the purpose of the Open Meetings Law: to ensure that the public has the fullest and most complete information

possible regarding the affairs of government. Section 19.81, Stats. If this condition is met, fees are awarded unless there is a showing of special circumstances which would render an award unjust.

In first determining, then, whether the purpose of the Open Meetings Law is advanced by an award of fees, the circuit court should consider such things as whether an award of fees to Hodge would make him "whole", thus providing him and others in similar positions with economic incentive to privately enforce the Act under sec. 19.97(4), Stats. Additionally, the court should determine whether an award would deter future Open Meetings Law violations and encourage governmental bodies to provide more openness in government.

We do not address here the special circumstances which might render an award unjust. We caution, however, that the mere presence of good faith on the part of the Board cannot alone be such a circumstance. We assume that most disagreements over the applicability of the Open Meetings Law reflect good faith disagreement on both sides. Denying attorney's fees to a prevailing party simply because of good faith, without other special circumstances, would remove much incentive to privately enforce the law and, perhaps, in many cases discourage it.

Based on these considerations, we remand to the circuit court to determine, consistent with this opinion, whether Hodge is entitled to an award of attorney's fees from the Town of Turtle Lake. Additionally, we direct the circuit court to remand to the Board for reconsideration of the permit application in a manner consistent with the Open Meetings Law.

Hodge also requests forfeitures against each defendant. We deny his request. Section 19.96, Stats., allows forfeitures if a member of a government body "knowingly" attends a meeting in violation of the Open Meetings Law. In *State v. Swanson*, 92 Wis. 2d 310, 319, 284 N.W. 655 (1979), we defined "knowingly" as including the state of mind of one who acts with an awareness of the high probability of the existence of the fact in question or one who does not possess positive knowledge only because he consciously avoids it.

The members of the Board clearly attempted to abide by the Open Meetings Law by contacting two attorneys before deliberating in closed session. Moreover, they believed that they were authorized to deliberate in closed session and thus, did not "knowingly" violate the Open Meetings Law. Therefore, their actions do not warrant the penalty under sec. 19.96, Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions.