STATE of Wisconsin EX REL. Warren E. HODGE, Plaintiff-Appellant,

v.

TOWN OF TURTLE LAKE, Richard Fick, James Kasper and Ray Ruff, Defendants-Respondents.

Court of Appeals

*No. 94–1304. Submitted on briefs October 24, 1994.—Decided December 13, 1994.*

(Also reported in 526 N.W.2d 784.)

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *Daniel W. Hildebrand* of *Ross & Stevens, S.C.* of Madison.

On behalf of defendants-respondents, the cause was submitted on the brief of *Gwen Kuchevar* of *Rodli, Beskar & Boles, S.C.* of River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Our supreme court in *State ex rel. Hodge v. Turtle Lake*, 180 Wis. 2d 62, 508 N.W.2d 603 (1993) (*Hodge* I), interpreted a Wisconsin open meetings law dispute in favor of Hodge. That decision reversed the judgment of the circuit court and the decision of this court affirming that judgment, and remanded the matter to the circuit court to determine whether Hodge should get reasonable attorney fees pursuant to § 19.97(4), STATS.[1] On remand, the circuit court awarded fees but refused to apply the hourly rate

---

[1] Section 19.97(4), STATS., provides:

If the district attorney refuses or otherwise fails to commence an action to enforce this subchapter within 20 days after receiving a verified complaint, the person making such complaint may bring an action under subs. (1) to (3) on his or her relation in the name, and on behalf, of the state. In such actions, the court may award actual and necessary costs of prosecution, including reasonable

of a private lawyer, and applied a $60 rate applicable to court-appointed counsel. Because we conclude that the open meetings law contemplates reimbursement at the rate applicable to private sector attorneys, we reverse the circuit court's decision to the contrary. However, because the circuit court retains the discretion to consider other factors bearing upon the reasonableness of attorney fees, we remand for the exercise of that discretion.

The historical details surrounding this appeal are described in *Hodge* I and need not be repeated here. It is sufficient to relate that *Hodge* I holds that the town board conducted closed sessions in violation of the open meetings law, and that because Hodge prevailed in his private prosecution of the violation, he was eligible to recover reasonable attorney fees and actual costs, absent "special circumstances." *Id.* at 77-78, 508 N.W.2d at 608-09. The court stated that attorney fees should be awarded if the award advanced the purpose of the open meetings law: "to ensure that the public has the fullest and most complete information possible regarding the affairs of government." *Id.* at 78-79, 508 N.W.2d at 609.

In determining whether the purpose of the open meetings law would be advanced by the award of fees, the circuit court was ordered to consider "such things as whether an award of fees to Hodge would make him 'whole', thus providing him and others in similar positions with economic incentive to privately enforce the Act under § 19.97(4), Stats." *Id.* at 79, 508 N.W.2d at 609. It also directed the circuit court to determine whether an award would deter future violations and

attorney fees to the relator if he or she prevails, but any forfeiture recovered shall be paid to the state.

encourage governmental bodies to provide more openness in government. *Id.*

If the award would serve the foregoing purposes, fees are to be awarded "unless special circumstances exist which would render an award unjust." *Id.* at 77-78, 508 N.W.2d at 609. The court declared that the special circumstances exception is to be strictly construed in favor of the prevailing relator, Hodge. *Id.* at 78, 508 N.W.2d at 609. The court cited decisions from federal courts in analogous situations holding that the placement of the burden of the fees upon taxpayers did not constitute special circumstances. *Id.* The court also stated: "We do not address here the special circumstances which might render an award unjust. We caution, however, that the mere presence of good faith on the part of the Board cannot alone be such a circumstance." *Id.* at 79, 508 N.W.2d at 609.

Finally, the supreme court rejected Hodge's pursuit of forfeitures against individual board members, holding that "[t]he members of the Board clearly attempted to abide by the Open Meetings Law by contacting two attorneys before deliberating in closed session." *Id.* 80, 508 N.W.2d at 609-10.

On remand, Hodge's attorney submitted an affidavit incorporating his statement for fees and costs.[2] The fees totaled $14,549.25. He averred that the rates were those that his Madison, Wisconsin, firm customarily charged its clients for legal services at the time, and were reasonable. Counsel stated that two attorneys worked on the case, and the remaining services were performed either by legal assistants or law clerks and "generally involved shephardizing (*sic*) and cite-checking various briefs." Counsel noted that the legal

_____

[2] The costs included in the statement were awarded and are not in dispute.

184

services involved appeals to both the court of appeals and the supreme court, in addition to proceedings in the trial court.

The statement details each unit of work in terms of date, fractional hours, hourly rate and purpose. The town summarizes the billing in its appellate brief: The hourly rate ranges from $40 to $45 for legal assistants to $85 for a firm associate, totaling 65.9 hours, and from $165 to $185 for primary counsel for 50.5 hours. While we have not independently checked the arithmetic, Hodge does not challenge the computation, and we therefore accept the summary as essentially accurate.[3]

The circuit court, expressing its pique, stated "that the Supreme Court's decision regarding attorneys fees in this particular action and the guidelines it has set forth are extremely oppressive, unrealistic and punitive." The court expressed its belief that a municipality that bases its decision to conduct a closed hearing upon advice of municipal counsel "should [not] be asked to pay legal fees from tax dollars." Then, in reference to an affidavit from the clerk of the Town of Turtle Lake stating that the town will raise only $123,418 in direct property tax levy in 1994, the court stated that it did "not believe the public should be penalized with attorneys fees that exceed 13% of its annual tax base." The court concluded:

> The Circuit Court must follow the Supreme Court's ruling and disregard the good faith of the Board. This Court will award only a fair and reasonable rate to reimburse the petitioner at the rate applicable to publicly appointed counsel, $60.00 an hour. Fees are therefore awarded for 120.4 hours

---

[3] Hodge does note that the town describes the top hourly rate as $185 while the statement shows that the top rate was $180.

totaling $7,224.00 plus costs of $1,633.61 for a total award of expenses of $8,857.61.

We first hold that the trial court is required to apply reasonable private sector rates. This was the conclusion reached in an analogous circumstance in *Shands v. Castrovinci*, 115 Wis. 2d 352, 340 N.W.2d 506 (1983). In that case, a legal services organization funded by the government sought recovery of "reasonable attorney fees" as authorized by § 100.20(5), STATS., following a successful claim against a landlord who violated the security deposit regulations of the Wisconsin Administrative Code. *Id.* at 354, 340 N.W.2d at 507. The court determined that the value of the services and the benefits accruing both to the client and the public by enforcing claims under § 100.20(5) are the same regardless whether the attorney for the plaintiff was private or public. *Id.* The court then held:

> It stands to reason that the rate of compensation should match the type of services provided, whether the attorney is in private practice or works for a legal services organization. We conclude that legal services attorneys should be compensated at the same rate as similarly situated private attorneys engaging in the same type of representation.

*Id.* at 362, 340 N.W.2d at 510-11.

The application of private bar rates, however, should begin and not end the analysis:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A number of other factors may be considered in awarding attorney fees, including the general ability of the client to pay them. *Herro, McAndrews & Porter, S.C. v. Gerhardt*, 62 Wis. 2d 179, 184, 214 N.W.2d 401, 404 (1974). Although the town is not the client in this case, its ability to pay is still relevant. *Herro* described the purpose of judicial review of attorney fees:

> We must reiterate, the primary duty of the courts as the judicial branch of our government is the proper and efficient administration of justice. Members of the legal profession by their admission to the Bar become an important part of that process . . . .

*Id.* at 184, 214 N.W.2d at 403 (quoting *In re Integration of Bar*, 5 Wis. 2d 618, 622, 93 N.W.2d 601, 603 (1958)).

We do not suggest that the hours or the hourly rate charged in this case were unreasonable. However, the trial court did not review the reasonableness of the hours and the rate, and we remand for the exercise of discretion to make that determination under all of the circumstances. In its review, the court may take into consideration whether the rates were comparable for similar services from attorneys in the area where the action was filed and, if not, whether the nature or complexity of the litigation justified the rates applied.

We also conclude that the circuit court misinterpreted the mandate of *Hodge* I. Contrary to the circuit court's statement, *Hodge* I does not require the circuit court to disregard the good faith of the board. Rather, the decision merely stated that the board's good faith *alone* is not a grounds to find special circumstances whereby *no fees at all* are awarded. *Id.* at 79, 508 N.W.2d at 609. While good faith alone is no basis to deny fees, or the fact that taxpayers will foot the bill is an inadequate grounds to deny them, it does not follow

that the unique facts presented in this case are totally irrelevant. The town acted in good faith on the advice of municipal counsel, and the tax base of this municipality is very small, especially in relation to the fees sought. *Hodge* I did not declare these facts entirely irrelevant in setting reasonable fees.

To summarize, reasonable hours times reasonable hourly rate is a starting point. The reasonable rate is that of the private sector, but the court may consider other factors in setting the final award, including the peculiar facts surrounding the violation and the ability of the responsible party to pay.

*By the Court.*—Judgment reversed and cause remanded.