HERITAGE FARMS, INC., Audrey Bunchkowski,
Russell Bunchkowski, Ruth Dutcher,
Howard Dutcher, Sally Freitag,
Amy Holzwart, James Holzwart,
Kathleen Khin, Glenwood Zellmer, Daryl Lloyd,
Donald Lloyd, Judy Maas, Jeffrey Maas,
Carolyn Mueller, Lois Rucich, George Rucich,
Donna Semrow, Harland Semrow,
Beverly Singer, Norman A. Singer Trust,
Joan Singer, Gordon Singer, Singer Living Trust,
Inga Stoellinger, Otto Stoellinger, Catherine
Swanton, Swanton Family Trust, Christine
Toliver, Alan Toliver, Krista Zimmer and Norman
Zimmer, Plaintiffs-Appellants,†

HARTFORD INSURANCE COMPANY of the
Midwest, Auto-Owners Insurance Company,
Safeco Insurance Company of America and
Acuity, a mutual insurance company,
Involuntary-Plaintiffs,

v.

MARKEL INSURANCE COMPANY,
J.J.J. Recreation Corporation d/b/a Lake of the
Woods Campground, American Family Mutual
Insurance Company and Jeffrey Knaack,
Defendants-Respondents.

† Petition for Review granted 4/12/11.

64

Ted Schwochert, Paul B. Schwochert,
Helen Schwochert and Sue Schroeder,
Plaintiffs-Appellants,

v.

Markel Insurance Company,
J.J.J. Recreation Corporation d/b/a Lake of the
Woods Campground, American Family Mutual
Insurance Company and Jeffrey Knaack,
Defendants-Respondents.

Court of Appeals

*No. 2010AP355. Submitted on briefs September 14, 2010.
—Decided December 2, 2010.*

2011 WI App 12

(Also reported in 793 N.W.2d 896.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Mark L. Thomsen* and *Sarah F. Kaas* of *Cannon & Dunphy, S.C.*, Brookfield, *Clay R.*

*Dutcher* of *Dutcher Law Office, L.L.C.*, Wautoma, and *George W. Curtis* and *Brian P. Beisenstein* of *Curtis Law Office*, Oshkosh.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John V. McCoy* and *Brian D. Parish* of *McCoy & Hofbauer, S.C.*, Waukesha, and *Mark S. Henkel* of *First Law Group*, Stevens Point.

Before Lundsten, Sherman and Blanchard, JJ.

¶ 1. SHERMAN, J. Heritage Farms, Inc. appeals a judgment and an order of the circuit court denying its request for double damages under WIS. STAT. § 26.21(1) (2007–08),[1] and his request for interest on any award of double damages and on the legal fees and costs incurred to obtain such damages. Heritage Farms argues § 26.21 mandates that double damages be awarded in situations where a private owner's property is destroyed by a forest fire which occurred though negligence, or in the

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

WISCONSIN STAT. § 26.21 provides:

(1) In addition to the penalties provided in s. 26.20, the United States, the state, the county or private owners, whose property is injured or destroyed by forest fires, *may recover,* in a civil action, double the amount of damages suffered, if the fires occurred through willfulness, malice or negligence. In a civil action, a court may award reasonable costs for legal representation to provide owners recovering damages under this subsection.

(2) Persons causing fires in violation of this chapter *shall be liable* to the state in an action for debt, to the full amount of all damages done to the state lands and for all expenses incurred by the towns fighting forest fires and shall be liable to municipalities in an action for debt, to the full amount of all damages to the municipal lands and for all expenses incurred by the municipalities fighting such fires. (Emphasis added.)

alternative creates a presumption in favor of double damages. We disagree and affirm.

## BACKGROUND

¶ 2. This appeal follows a remand from the supreme court to the circuit court. *See Heritage Farms, Inc. v. Markel Ins. Co.*, 2009 WI 27, 316 Wis. 2d 47, 762 N.W.2d 652. The relevant facts are found in the supreme court's decision:

> Between March 3 and March 8, 2003, Jeffrey Knaack ignited a large debris pile, which consisted of leaves, pine needles, brush, stumps, and building materials. Knaack was responsible for maintaining this burn pile at the Lake of the Woods Campground as a favor to Jack Scimeca who owned the property and operated the business. On April 14, 2003, the March burn pile fire escaped the Lake of the Woods Campground, and as a result, burned 572 acres of land.
>
> Heritage Farms filed a civil action against the defendants (hereinafter referred to as "Markel") claiming negligence, trespass, and nuisance. Heritage Farms sought double compensatory damages and attorney fees pursuant to Wis. Stat. § 26.21(1). Markel moved the court for partial summary judgment asserting that § 26.21(1) did not apply because none of the defendants were a railroad corporation and none had violated Wis. Stat. § 26.20. The circuit court granted that motion and concluded that § 26.21(1) applies only to railroad corporations. After a four week jury trial, a verdict was returned that awarded Heritage Farms $568,422 in damages. Heritage Farms subsequently moved the circuit court to reconsider its previous ruling regarding the applicability of § 26.21(1). The circuit court denied Heritage Farms' motion to reconsider. Heritage Farms appealed that ruling and the court of appeals affirmed the circuit court. The court of appeals concluded that

§ 26.21(1) applied only to railroad corporations and did not decide the issue of whether "gross negligence" was required. Heritage Farms petitioned [the supreme] court for review, which [the court] accepted.

*Id.*, ¶¶ 3–4 (footnotes omitted).

¶ 3. On petition for further review, the supreme court reversed the court of appeal's decision. The supreme court in *Heritage II* concluded that WIS. STAT. § 26.21(1) "is not limited to a specific class of tortfeasor such as a railroad corporation, and a violation under WIS. STAT. § 26.20 is not a prerequisite for the applicability of § 26.21(1)." *Id.*, ¶ 2. The court further concluded that § 26.21(1) "does not require a showing of 'gross negligence,' " an issue not addressed by either the circuit court or court of appeals. *Id.*, ¶¶ 2, 4.

¶ 4. On remand, Heritage Farms moved the circuit court for an award pursuant to WIS. STAT. § 26.21(1) of double the compensatory damages and reasonable costs for legal representation, as well as twelve percent interest on the doubled portion of the damages and costs of legal representation from October 13, 2006, the date of the original verdict, until those costs are paid. The circuit court granted Heritage Farms' request for actual attorney's fees and costs it incurred, but denied its request for double damages and twelve percent interest. The court reasoned that the present case did not present a situation in which the court should exercise its discretion and double the compensatory damage award.

¶ 5. Heritage Farms moved the circuit court for reconsideration. The court denied Heritage Farms' motion. The court explained that it did not "think there's a mandate that all negligent tortfeasors be punished for starting forest fires" and that it did not believe that Knaack needed to be punished. Heritage Farms appeals.

## DISCUSSION

¶ 6. Heritage Farms contends the circuit court erred in ruling that an award of double damages in this case was not mandatory under WIS. STAT. § 26.21(1) and in denying its request for twelve percent interest. We address each argument in turn.

### A. *Double Damages under WIS. STAT. § 26.21(1)*

■

¶ 7. WISCONSIN STAT. § 26.21(1) provides that the owner of private property "injured or destroyed by forest fires, *may* recover, in a civil action, double the amount of damages suffered, if the fires occurred through willfulness, malice or negligence." (Emphasis added.) Heritage Farms contends that the word "may" in § 26.21(1) should be construed as "shall" and that once a legal determination has been made that a forest fire occurred through willfulness, malice, or negligence, a circuit court must, by operation of law, award double damages to a private property owner under § 26.21(1).

¶ 8. Heritage Farms argues that:

> the "may recover . . . double damages" language is contingent **only** upon a finding that the forest fire occurred through willfulness, malice or negligence. Once the "**if**" is satisfied, i.e., once there is a determination by the finder of fact that the person . . . causing a forest fire did so willfully, maliciously, **or** negligently, an award of double damages follows as a matter of course. (Footnote omitted.)

It argues that construing "may" as "shall" fulfills the legislative intent underlying WIS. STAT. ch. 26, which is "to punish those who set forest fires whether willfully, maliciously or negligently." *See Heritage Farms II,* 316

Wis. 2d 47, ¶ 41. It further argues § 26.21(1) imposes a penalty and, as a result, the double damages provision should be held mandatory.

¶ 9. "Whether a statute is mandatory or discretionary is a matter of statutory construction," which presents a question of law reviewed *de novo* by this court. *In the interest of F.T. v. State*, 150 Wis. 2d 216, 221, 441 N.W.2d 322 (Ct. App. 1989). The word "may" in a statute is generally construed as permissive unless a different construction is required by the statute to carry out the clear intent of the legislature. *City of Wauwatosa v. Milwaukee County*, 22 Wis. 2d 184, 191, 125 N.W.2d 386 (1963). Where the legislature uses the words "may" and "shall" in the same or related sections of a statute, the presumption that "may" is permissible and "shall" is mandatory is strengthened because such use demonstrates the legislature was aware of the different denotations and intended the words to have their precise meanings. *Karow v. Milwaukee County Civil Serv. Comm'n*, 82 Wis. 2d 565, 571, 263 N.W.2d 214 (1978).

¶ 10. In subsection (1) of WIS. STAT. § 26.21, the legislature used the word "may" in describing a private owner's right to recover double damages in the event that a forest fire results from "willfulness, malice or negligence." In subsection (2) of § 26.21, the legislature used the word "shall" in describing an individual's liability to the State and municipalities for damage caused to State and municipal lands and for expenses incurred by towns and municipalities in fighting forest fires.

¶ 11. The legislature's use of the words "may" in subsection (1) and "shall" in subsection (2) in describing the liability of an individual responsible for causing a forest fire demonstrates the legislature's awareness that the terms "may" and "shall" have different denota-

tions and its intention that the words be given their precise meaning. *See Karow*, 82 Wis. 2d at 571. Had the legislature intended "may" in subsection (1) to mean "shall," the legislature would have used the word "shall" as it did in subsection (2). Because there is no indication of a legislative intent to give the word "may" any thing other than its ordinary meaning, no other construction is warranted. *See City of Wauwatosa*, 22 Wis. 2d at 184. Accordingly, we reject Heritage Farms' contention that "may" in subsection (1) should be construed as "shall," and hold instead that the legislature intended that "may" be construed as permissive, not mandatory.

¶ 12. Heritage Farms contends that even if WIS. STAT. § 26.21(1) is not mandatory there should, "at the very least," be a presumption in favor of awarding double damages and costs of legal representation. We disagree.

¶ 13. Heritage Farms relies on *State ex rel. Hodge v. Town of Turtle Lake*, 180 Wis. 2d 62, 508 N.W.2d 603 (1993), wherein the supreme court held that under WIS. STAT. § 19.97(4), which addresses enforcement of the Open Meeting Laws, a presumption exists that a prevailing party is entitled to attorney's fees "if an award would advance the purpose of the Open Meetings law." *Town of Turtle Lake*, 180 Wis. 2d at 78. *Town of Turtle Lake* in essence addressed whether there is a presumption under § 19.97(4) that a realtor who is essentially "serv[ing] as a private attorney general by vindicating his or her own rights and the rights of the public to open government" is entitled to fees to make him or her whole. *Id.* at 78. That is not the situation presented by WIS. STAT. § 26.21(1), which authorizes an award of double the amount of damages actually suffered to property owners who seek compensation for their private loss, not the vindication of public rights. Heritage

Farms does not cite to any other legal authority supporting its position that an award of double damages under § 26.21(1) should be presumed and we decline to hold that such a presumption exists.

¶ 14. Because Heritage Farms does not otherwise contend that the circuit court's denial of its request for double damages was an erroneous exercise of the court's discretion, we affirm the court's discretionary decision to deny Heritage Farms double damages under WIS. STAT. § 26.21(1).

## B. Interest

¶ 15. Heritage Farms contends that it is entitled to twelve percent interest on any award of double damages and the cost of legal representation to achieve such damages. Because we affirm the circuit court's denial of double damages under WIS. STAT. § 26.21(1), we need not address whether Heritage Farms was entitled to interest on those damages and on the cost of legal representation to obtain those damages. *See Cholvin v. Wisconsin Dep't of Health and Family Servs.*, 2008 WI App 127, ¶ 34, 313 Wis. 2d 749, 758 N.W.2d 118 (if a decision on one point disposes of the appeal, we will not decide other issues raised.)

## CONCLUSION

¶ 16. For the reasons discussed above, we affirm.

*By the Court.*—Judgment and order affirmed.