Robert J. BIALK, Plaintiff-Appellant,

v.

MILWAUKEE COUNTY, Defendant-Respondent.†

Court of Appeals

*No. 92–2664. Submitted on briefs August 10, 1993.—Decided November 23, 1993.*

(Also reported in 509 N.W.2d 334.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Sutton & Kelly* by *Walter F. Kelly*, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Robert G. Ott*, corporation counsel, by *John F. Jorgensen*, principal assistant corporation counsel, of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

WEDEMEYER, P.J. Robert J. Bialk appeals from a judgment denying his request for attorney fees pursuant to 42 U.S.C. § 1988(b). Following a successful 42 U.S.C. § 1983 action against Milwaukee County, Bialk filed a motion for attorney fees. The trial court, relying on its belief that Bialk should not have won at trial, denied an attorney fee award. Because the trial court had no authority to deny attorney fees based on its re-assessment of the merits of the case, we reverse and remand for a new hearing on the issue.

## I. BACKGROUND

This case stems from a § 1983 due process and equal protection challenge commenced by Robert J. Bialk against Milwaukee County. Bialk alleged that Milwaukee County forced his retirement from the Milwaukee County Sheriff's Department. On March 5, 1990, a jury returned a special verdict finding a Milwaukee County Special Prosecutor, as well as Milwaukee County itself, guilty of depriving Bialk of both his right to equal protection and his right to due process of law. The jury concluded that the sum of $400,000 would adequately compensate Bialk for the harm caused by the County.

On April 30, 1990, motions after verdict were entertained by the trial court. The court granted the County's request for a judgment notwithstanding the verdict concerning the jury's answers to the liability questions of the special verdict. An order granting the post-verdict motions, however, was not timely filed pursuant to sec. 805.16(3), Stats. (1989-90), and the

supreme court issued a supervisory writ mandating entry of judgment in favor of Bialk.[1]

On October 18, 1990, the trial court entered an order stating, in relevant part, "the Court pursuant to the decision of the Wisconsin Supreme Court issued on September 6, 1990 hereby orders that Judgment be entered on the jury verdict." As this court explained in *Bialk v. Milwaukee County*, No. 90-2365, unpublished slip op. (Wis. Ct. App. March 4, 1991), the order was not final or appealable as of right within the meaning of sec. 808.03(1), Stats. Nevertheless, the County filed a notice of appeal from that order. Subsequently, on October 22, a final, appealable judgment was entered as contemplated by the trial court's October 18 order. The County, however, did not appeal from the October 22 judgment. Following the expiration of the time limits for an appropriate appeal, Bialk moved for dismissal of the County's faulty appeal. This court concluded that the appeal had to be dismissed. *Id.* at 5. The supreme court declined the County's request for review.

Following almost a year of procedural posturing by both sides, Bialk filed a request for attorney fees pursuant to 42 U.S.C. § 1988. The matter was extensively briefed and was argued before the trial court on March 30, 1992. The trial court, in a written decision, denied the attorney fees, stating, in relevant part:

> This matter is before the court on the request of Plaintiff for attorneys' fees of $747,082 pursuant to

---

[1] Section 805.16(3), Stats. (1989-90), reads: "If an order granting or denying a motion after verdict is not entered within 90 days after the verdict is rendered, the motion shall be deemed denied, and judgment entered on the verdict." Here, no order was entered within the 90-day time limit and, therefore, judgment was entered on the verdict in favor of Bialk.

42 U.S.C. [§] 1988. The Plaintiff is a prevailing party under section 1988. However, special circumstances make the requested award of attorneys' fees unjust. First, Plaintiff was not entitled to relief on the merits of his claim. Second, it is inequitable to hold the Defendant responsible for attorneys' fees resulting from conduct of state officers over which it had no control. Liability on the merits should go hand in hand with responsibility for attorneys' fees. Lastly, an award of attorneys' fees in these circumstances would not advance the objectives of 42 U.S.C. [§] 1988. Because of these circumstances, Plaintiff's request is denied.

Bialk now appeals.

## II. DISCUSSION

42 U.S.C. § 1988(b) reads:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In the present case, the parties agree that Bialk was a prevailing party under a 42 U.S.C. § 1983 action. The parties dispute, however, whether the trial court properly exercised its discretion in denying the attorney fees request. Bialk asserts that the trial court, by basing its decision on its assessment of the merits of Bialk's claim, erred as a matter of law by considering factors that were not appropriate to the decision-making process concerning the attorney fee dispute. The County counters by arguing that under § 1988, the trial

court has wide discretion in (1) deciding whether to grant attorney fees at all, and (2) determining the amount of the fee award that is appropriate. While we agree that the trial court has discretion in making the equitable judgments involved in setting a fee award, this discretion "must be exercised in light of the [legal] considerations . . . identified" by the court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). We conclude that in the present case the trial court erred as a matter of law in denying Bialk's request for attorney fees.[2]

In *Hensley*, the Supreme Court was faced with the issue of whether a partially prevailing party may recover attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. In considering the relationship between the extent of success and the amount of the attorney's fee award, the Court stated: "Where a plaintiff has obtained excellent results [in the underlying action], his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.* at 435. *See also Riverside v. Rivera*, 477 U.S. 561, 569 (1986). Thus, where a plaintiff has significant success under a 42 U.S.C. § 1983 action, generally his or her attorneys are entitled to fully compensatory fees pursuant to 42 U.S.C. § 1988(b).

---

[2] As an initial matter, we note that the award of attorney's fees in this case is pursuant to a federal statute. Thus, we look to federal law for the standards governing an award of this type. *See Thompson v. Village of Hales Corners,* 115 Wis. 2d 289, 308 n.6, 340 N.W.2d 704, 713 n.6 (1983).

■ Here, there is little doubt that Bialk prevailed significantly at trial. He was awarded $400,000 in compensatory damages by the jury. Further, he was awarded back pay in the amount of $87,000 as well as a pension benefit loss of approximately $800 per month. Thus, because of Bialk's success at trial, there is a presumption that attorney fees are appropriate. We look to the trial court's decision denying attorney fees to consider whether this presumption was properly overcome.

The trial court concluded that Bialk was not entitled to relief on the merits of his claim and, therefore, should not prevail on his request for attorney fees. The trial court's opinion concerning the merits of the case, however, is irrelevant in determining whether attorney fees pursuant to § 1988 are appropriate in this case. Although the trial court granted the County judgment notwithstanding the verdict, the supreme court vacated that ruling as null, void, and of no effect based on its conclusion that the time period for filing an order under sec. 805.16, Stats., had run. Thus, for purposes of this case, the jury verdict in Bialk's favor is the sole criterion in assessing Bialk's success at trial. As noted above, the jury's verdict indicates that Bialk obtained excellent results at trial.

The trial court also said that it was denying fees based on its belief that "an award of attorneys' fees in these circumstances would not advance the objectives of 42 U.S.C. [§] 1988." The trial court concluded that "[i]t is not fair to punish a defendant for vigorously resisting a claim without legal merit, particularly where the responsible actors are not under its direction or control." The trial court's opinion that the claims of Bialk had no basis in law, however, again reflected the

trial court's thoughts concerning the merits of the case. That opinion was contrary to the jury verdict and judgment, and, therefore, was not relevant to a decision on whether attorney fees were appropriate. Further, as noted in *Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989), a central purpose of fee-shifting statues is "to make the wrongdoers pay at law—assuring that the incentive to such suits will not be reduced by the prospect of attorney's fees that consume the recovery." Here, the law of the case is that the County was found to be a wrongdoer. Consequently, contrary to the trial court's stated rationale, the objectives of § 1988 would not be frustrated by granting an award of attorney fees in favor of Bialk.

In sum, we conclude that the trial court erred as a matter of law in denying the award of attorney fees in favor of Bialk. The trial court's stated reasons for denying the fee award were all improper attempts at reassessing the merits of the case. Despite the trial court's beliefs that the outcome should have been different, Bialk prevailed significantly at trial on his § 1983 claims and, therefore, is entitled to an award of attorney fees pursuant to § 1988(b).

While we conclude that an award of attorney fees is appropriate in this case, we reemphasize that the trial court has discretion in determining the amount of the fee award. *See Thompson*, 115 Wis. 2d at 305, 340 N.W.2d at 712 (trial court's determination of amount of attorney fees is an exercise of discretion). As an aid to the trial court on remand, we note that the court should utilize the "lodestar" as its starting point in determining the fee award—the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate. This number can then be adjusted up or down according to the twelve factors adopted by the Supreme Court in *Hensley*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

*By the Court.*—Judgment reversed and cause remanded with directions.