Judy HARTMAN and Ronald Delap, individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

WINNEBAGO COUNTY, a municipal corporation, Winnebago County Board of Supervisors, Winnebago County Social Services Board, and the Winnebago County Department of Social Services, Defendants-Respondents-Petitioners.

Supreme Court

*No. 96–0596. Oral argument December 2, 1997.—Decided February 26, 1998.*

(Also reported in 574 N.W.2d 222.)

For the defendants-respondents-petitioners there were briefs by *John E. Thiel, Rebecca L. Kent* and *Godfrey & Kahn, S.C.,* Appleton and oral argument by *John E. Thiel.*

For the plaintiffs-appellants there was a brief and oral argument by *Jeff Scott Olson,* Madison.

Amicus curiae was filed by *Jeffrey A. Kingsley* and *Abbott & Kingsley,* Shorewood for the Wisconsin Employment Lawyers Association.

Amicus curiae was filed by *James A. Walrath* and *Peter M. Koneazny,* Milwaukee for the Legal Aid Society of Milwaukee, Inc. and American Civil Liberties Union of Wisconsin, Inc.

Amicus curiae was filed by *Charles H. Bohl, Tamara Hayes O'Brien* and *Whyte Hirschboeck Dudek, S.C.,* Milwaukee for the Wisconsin Towns Association and League of Wisconsin Municipalities.

¶ 1. N. PATRICK CROOKS, J. Petitioners seek review of a published decision of the court of appeals[1] reversing an order of the Winnebago County Circuit Court, the Honorable William E. Crane presiding, denying Plaintiffs' request for attorneys' fees pursuant to 42 U.S.C. § 1988(b) (1994).[2] Winnebago County, Winnebago County Board of Supervisors, Winnebago County Social Services Board, and Winnebago County Department of Social Services (collectively "County") contend that Judy Hartman and Ronald Delap, indi-

---

[1] *Hartman v. Winnebago County,* 208 Wis. 2d 552, 561 N.W.2d 768 (Ct. App. 1997).

[2] All future references to the United States Code will be to the 1994 volume unless otherwise noted.

vidually and on behalf of others similarly situated (collectively "Hartman"), are not entitled to reasonable attorneys' fees because Hartman's request for fees was untimely, and because Hartman is not a prevailing party to whom fees may be awarded.

¶ 2. We conclude that Wis. Stat. § 806.06(4)[3] sets forth the appropriate time limitation for an attorneys' fees award pursuant to 42 U.S.C. § 1988. Under Wis. Stat. § 806.06(4), as a party seeking costs, Hartman was required to perfect the judgment (i.e., tax and insert costs) within 30 days of the date of notice of entry of judgment or forfeit the right to recover those costs. Because Hartman did not perfect the circuit court's November 18, 1993, judgment within 30 days of Hartman's receipt of the November 19, 1993, notice of entry, or obtain a stay of the attorneys' fee issue pending appeal, the request was untimely. Accordingly, we reverse the decision of the court of appeals.[4]

## I.

¶ 3. The underlying claim from which Hartman's request for attorneys' fees arises involves the County's action to reduce the amount of general relief[5] provided

---

[3] All future references to the Wisconsin Statutes will be to the 1993–94 volume unless otherwise noted.

[4] We point out that our holding is based on the timeliness of the motion at issue. Hartman's claim for attorneys' fees may have merit, the catalyst theory may be applicable, and Hartman may be a "prevailing party" in the action, but we do not reach those substantive issues.

[5] Wisconsin Stat. § 49.01(5m) defines general relief as:

such services, commodities or money as are reasonable and necessary under the circumstances to provide food, housing, clothing, fuel, light, water, medicine, medical, dental, and surgical treatment (including hospital care), optometrical services, nursing,

to recipients in Winnebago County. On September 10, 1990, the Winnebago County Board of Social Services voted to adopt a policy to reduce the amount of general relief provided to Winnebago County recipients, effective October 1, 1990.

¶ 4. On October 4, 1990, Hartman, a recipient of general relief in Winnebago County, commenced an action in Winnebago County Circuit Court seeking declaratory and injunctive relief. Hartman asserted that the County had failed to establish written standards of need to determine the amount of relief reasonable and necessary to meet recipients' basic subsistence needs in violation of Wis. Stat. §§ 49.01(5m) and 49.02(1m) (1987–88). Hartman also asserted that the amount of general relief provided pursuant to the new policies was below the statutory minimum required under Wis. Stat. § 49.032 (1987–88). Hartman further alleged that the County did not provide adequate notice to recipients or appropriate administrative appeal procedures in accordance with Wis. Stat. § 49.037 (1987–88). In addition to the state statutory violations, Hartman alleged that the County's failure to provide reasonable and necessary benefits, sufficient notice, and administrative appeal procedures violated recipients' rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Article I, sections 1 and 9 of the Wisconsin Constitution, and 42 U.S.C. § 1983.

¶ 5. On the same date the action was commenced, Hartman filed a Notice of Motion and Motion for Temporary Relief to prevent the County from reducing the amount of general relief. In an Order for Temporary Injunction and Relief dated November 20,

transportation, and funeral expenses, and include wages for work relief.

1990, Nunc Pro Tunc October 25, 1990, the circuit court enjoined the County from implementing the new general relief administrative policies during the pendency of the action and ordered the County to restore general relief benefits as they existed prior to October 1, 1990. The circuit court further enjoined the County from reducing benefits without first establishing written standards of need to determine the amount of benefits reasonable and necessary for recipients of relief.

¶ 6. On June 24, 1991, the County filed a Motion for Summary Judgment arguing that the action should be dismissed as moot. The County contended that on May 6, 1991, it had taken legislative action to fully restore the level of general relief benefits to the status quo prior to October 1, 1990. On June 25, 1991, Hartman also filed a Motion for Summary Judgment.

¶ 7. A hearing on the cross-motions for summary judgment was held on July 18, 1991. On August 26, 1991, the circuit court granted the County's motion for summary judgment and dismissed the action, concluding Hartman's claims were moot. The Notice of Entry of Order was filed August 28, 1991, and Hartman appealed.

¶ 8. In an unpublished opinion, the court of appeals determined that there were issues ripe for review, notwithstanding the County's rescission of its policy to reduce benefits. The court of appeals concluded that there was still a question of whether the County adopted standards of need as required by Wis. Stat. § 49.02(1m) and if so, whether those standards conformed with the applicable common law. Accordingly, the court of appeals remanded the case. *See Hartman v. Winnebago County*, No. 91–2414, unpublished slip op. (Wis. Ct. App. April 22, 1992).

¶ 9. On remand, the circuit court concluded that the County had enacted proper standards of need in compliance with the applicable law. In an order dated November 18, 1993, the circuit court dismissed Hartman's complaint. A Notice of Entry of Order was filed November 22, 1993. Hartman appealed.

¶ 10. While Hartman's second appeal was pending, this court rendered its decision in *Clark v. Milwaukee County*, 188 Wis. 2d 171, 524 N.W.2d 382 (1994), which set forth the appropriate method of establishing proper standards of need for benefits recipients. The County filed a motion requesting that the court of appeals reopen the record or remand the case to the circuit court for a determination of whether the County's written standards of need were in compliance with *Clark*. Thereafter, the County filed an amended motion advising the court of appeals that the County's written standards of need had been revised to comply with the directives of *Clark*, thereby making Hartman's appeal moot. The County requested that the court of appeals either remand the case to the circuit court for a determination on the standards of need or dismiss the appeal as moot.

¶ 11. Hartman filed a motion requesting that the court of appeals address the adequacy of the County's written standards of need pursuant to the holding of *Clark*. The court of appeals denied Hartman's request, concluding that the appeal involved the application of new law and facts which had not been addressed by the circuit court. In a decision dated April 19, 1995, the court of appeals dismissed Hartman's second appeal as moot. *See Hartman v. Winnebago County*, No. 94–0022, unpublished slip op. (Wis. Ct. App. April 19, 1995).

¶ 12. On November 16, 1995, Hartman filed a Notice of Motion and Motion for an Award of Attorneys'

Fees, Costs and Expenses pursuant to 42 U.S.C. § 1988(b), the Civil Rights Attorneys' Fees Awards Act.[6] In its brief in opposition to Hartman's motion for attorneys' fees, the County argued, in part, that Hartman's request for fees was untimely and that Hartman was not a "prevailing party" entitled to attorneys' fees under 42 U.S.C. § 1988(b).

¶ 13. In an order dated January 26, 1996, the circuit court denied Hartman's motion. The circuit court first concluded that Hartman's request for fees was untimely because it was not filed within 30 days of the date of the judgment as required under Wis. Stat. § 806.06(4). Alternatively, the court determined that if the Federal Rules of Civil Procedure were applicable, Hartman had failed to file a motion for fees within 14 days of entry of judgment in accordance with Rule 54(d). Finally, the court determined that even if the common law rule set forth by the United States Supreme Court in *White v. New Hampshire Dep't of Employment*, 455 U.S. 445 (1982), governs the time requirement, Hartman did not request attorneys' fees within a reasonable time period because the motion was filed more than six months after the court of appeals' entry of judgment on April 19, 1995.

¶ 14. The circuit court also concluded that Hartman was not a prevailing party in the litigation entitled to an award of attorneys' fees. The court deter-

---

[6] 42 U.S.C. § 1988(b) states:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title[ ] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

mined there was no proof that the County's action of revising its written standards of need was a result of any determination on the merits of Hartman's claims. The circuit court found that Hartman did not prevail on any claims, and that Hartman's "Motion for an Award of Attorneys' Fees, Costs and Expenses did not rise to a constitutional violation." Hartman appealed.

¶ 15. The court of appeals concluded that there were no procedural rules or Wisconsin cases addressing the timeliness issue of a motion for attorneys' fees pursuant to 42 U.S.C. § 1988(b). Consequently, the court concluded that the rule set forth in *White*, 455 U.S. at 454, was applicable and that Hartman's Motion for an Award of Attorneys' Fees was timely filed because it did not unduly surprise or prejudice the County. The court of appeals further concluded that Hartman was a prevailing party in the action and therefore entitled to attorneys' fees. The court of appeals reversed the circuit court's decision and remanded the case for a determination of an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## II.

¶ 16. We first address whether Hartman's Motion for an Award of Attorneys' Fees was timely filed. To that end we must determine the appropriate statutory or common-law rule governing the time requirement for filing a request for attorneys' fees under 42 U.S.C. § 1988(b).

¶ 17. An award of attorneys' fees under 42 U.S.C. § 1988(b) is within the discretion of the circuit court, and the circuit court's determination will ordinarily be reversed only where there has been an erroneous exer-

cise of that discretion. *See Thompson v. Village of Hales Corners*, 115 Wis. 2d 289, 305, 340 N.W.2d 704 (1983). Such deference is given a state circuit court or federal district court in a § 1988 action "because that court is particularly well-qualified to make the partially subjective findings necessary for an award of fees and to perform the balancing of equities that is an integral part of the proceeding for an award of fees." *Libby v. Illinois High School Ass'n*, 921 F.2d 96, 98 (7th Cir. 1990) (citations omitted). However, an appellate court can independently reverse a circuit court's otherwise discretionary grant or denial of § 1988 attorneys' fees if the decision was based upon an error of law. *See Hales Corners*, 115 Wis. 2d at 305 (quoting *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 765 (7th Cir. 1982)).

¶ 18. There are three rules that could govern the time requirement for requesting attorneys' fees under 42 U.S.C. § 1988(b): (1) Wis. Stat. § 806.06(4), which requires that a judgment be perfected (i.e., costs taxed and inserted in the judgment) within 30 days of the entry of judgment (or notice of entry of judgment, depending upon which party causes the judgment to be entered) or recovery of costs is forfeited; (2) Rule 54(d) of the Federal Rules of Civil Procedure, which requires that a motion for attorneys' fees be brought within 14 days of the entry of judgment; or (3) the common law rule set forth in *White*, 455 U.S. at 454, which holds that a motion for attorneys' fees is timely unless it "unfairly surprises or prejudices the affected party." We conclude that Wis. Stat. § 806.06(4) sets forth the appropriate time requirement for a request for attorneys' fees pursuant to 42 U.S.C. § 1988(b) in an action venued in a Wisconsin circuit court.

¶ 19. Wisconsin Stat. § 806.06 provides, in relevant part:

**Rendition, perfection and entry of judgment.** **(1)**(a) A judgment is rendered by the court when it is signed by the judge or by the clerk at the judge's written direction.

(b) A judgment is entered when it is filed in the office of the clerk of court.

(c) A judgment is perfected by the taxation of costs and the insertion of the amount thereof in the judgment.

. . .

**(4)** A judgment may be rendered and entered at the instance of any party either before or after perfection. If the party in whose favor the judgment is rendered causes it to be entered, the party shall perfect the judgment within 30 days of entry or forfeit the right to recover costs. If the party against whom the judgment is rendered causes it to be entered, the party in whose favor the judgment is rendered shall perfect it within 30 days of service of notice of entry of judgment or forfeit the right to recover costs. If proceedings are stayed under s. 806.08, judgment may be perfected at any time within 30 days after the expiration of the stay.

¶ 20. Wisconsin Stat. § 806.06(4) bases the time limitation for perfecting the judgment (i.e., taxing and inserting costs) upon the date on which the party seeking costs has notice that the judgment is entered. If the party seeking costs causes the judgment to be entered, the 30-day time limitation begins on the date of entry of the judgment. If the party seeking costs is not the party who causes the judgment to be entered, the 30-day time limitation begins on the date of notice of entry of judgment. *See* Wis. Stat. § 806.06(4).

¶ 21. The statutory language of Wis. Stat. § 806.06(4) sets forth a time limitation with regard to

recovery of "costs." Therefore, we must consider whether an award of attorneys' fees pursuant to 42 U.S.C. § 1988 is a "cost" in accordance with Wis. Stat. § 806.06(4).

¶ 22. The relevant language of 42 U.S.C. § 1988(b) expressly provides that in an action to enforce a provision of 42 U.S.C. § 1983, a court may award the prevailing party "a reasonable attorney's fee *as part of costs*." (Emphasis supplied.) Thus, the plain language of the statute specifically provides that § 1988 attorneys' fees are costs. This plain language interpretation was recognized and followed by this court in *School Dist. of Shorewood v. Wausau Ins. Cos.*, 170 Wis. 2d 347, 488 N.W.2d 82 (1992).

¶ 23. In *Shorewood* we addressed the issue whether attorneys' fees under § 1988(b) are considered damages within the provisions of an insurance contract, thereby placing a duty on the insurer to defend or indemnify the insured based upon a request for attorneys' fees. In holding that an award of attorneys' fees pursuant to § 1988(b) is not damages, we recognized that there are various statutory provisions that allow for an award of attorneys' fees to a prevailing party, some of which define attorneys' fees as costs and some of which separate attorneys' fees from other taxable costs. *See id.* at 378. We concluded that "[u]nder 42 U.S.C. sec. 1988, attorney fees constitute part of the [taxable] costs." *Id.*

¶ 24. Arguably, because an action for attorneys' fees pursuant to § 1988 is based upon federal substantive law, we need only look to the federal statutory language and this court's interpretation of it to determine that § 1988 attorneys' fees are costs. We

recognize, however, that "[t]he fact that a statute incorporates within its text the word 'cost' is not conclusive evidence that the statute in question authorizes the taxation of costs" in accordance with Wisconsin statutes. *State v. Foster*, 100 Wis. 2d 103, 106, 301 N.W.2d 192 (1981).

Under Wisconsin law costs are only recoverable if there is a specific Wisconsin statutory provision stating that the cost is recoverable. *See Kleinke v. Farmers Coop. Supply & Shipping*, 202 Wis. 2d 138, 147, 549 N.W.2d 714 (1996).

> 'The terms 'allowable costs' or 'taxable costs' have a special meaning in the context of litigation. The right to recover costs is not synonymous with the right to recover the expense of litigation. This right is statutory in nature, and to the extent that a statute does not authorize the recovery of specific costs, they are not recoverable. . . . Many expenses of litigation are not allowable or taxable costs even though they are costs of litigation.'

*Id.* (quoting *Foster*, 100 Wis. 2d at 106). *See also State v. Ferguson*, 202 Wis. 2d 233, 237, 549 N.W.2d 718 (1996); *State v. Amato*, 126 Wis. 2d 212, 217, 376 N.W.2d 75 (Ct. App. 1985).

■■

¶ 25. Accordingly, we must also determine if any Wisconsin statute authorizes an award of attorneys' fees under § 1988 as a taxable cost. "Interpretation of a statute is a matter of law which we review *de novo*, benefitting from the analyses of the circuit court and the court of appeals." *Ferguson*, 202 Wis. 2d at 237. The purpose of statutory interpretation is to ascertain and give effect to the intent of the legislature. *See Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978, 542

N.W.2d 148 (1996). To determine the legislature's intent, we first look to the language of the relevant statutes. *See UFE, Inc. v. LIRC,* 201 Wis. 2d 274, 281–82, 548 N.W.2d 57 (1996).

¶ 26. The language of Wis. Stat. § 814.04 supports our interpretation of the federal statute that attorneys' fees awarded pursuant to 42 U.S.C. § 1988(b) are costs. Section 814.04 sets forth the specific items of costs that are recoverable as taxable costs in civil proceedings. Section 814.04(2) states that statutorily approved costs include "[a]ll the necessary. . .fees allowed by law." Although this court has not heretofore considered the specific issue whether § 1988(b) attorneys' fees are "necessary fees allowed by law," we conclude that they are.[7]

¶ 27. Attorneys' fees are allowed by law under 42 U.S.C. § 1988(b) and are a "necessary" cost of litigation to which a prevailing party is entitled. Section 1988 was enacted by Congress as the Civil Rights Attorney's Fees Award Act of 1976. It was drafted in response to *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240 (1975), wherein the United States Supreme Court disapproved of lower federal court decisions that awarded attorneys' fees pursuant to the private attor-

---

[7] Wisconsin Stat. § 814.04(1) discusses attorneys' fees as items of costs, setting forth standard minimum and maximum amounts recoverable. This section is inapplicable in this instance because "[t]he determination of what is a reasonable fee under sec. 1988 is left to the discretion of the trial court." *Thompson v. Village of Hales Corners,* 115 Wis. 2d 289, 305, 340 N.W.2d 704 (1983) (*citing Hensley v. Eckerhart,* 461 U.S. 424 (1983)). *See also Bialk v. Milwaukee County,* 180 Wis. 2d 374, 379, 509 N.W.2d 334 (Ct. App. 1993). Wisconsin Stat. § 814.10 (4) provides for circuit court review of attorneys' fees as taxable costs.

ney general doctrine. *See Hales Corners*, 115 Wis. 2d at 305 (citing S. Rep. 1011, 94th Cong., 2nd Sess. 1, reprinted in 1976 U.S.C.C.A.N., 5908, 5909).

> In authorizing the fee shifting, Congress determined that '[i]f private citizens are to be able to assert their civil rights and if those who violate the Nation's fundamental law are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.'

*Id.*[8]

¶ 28. Despite Hartman's argument to the contrary, our conclusion that Wis. Stat. § 806.06(4) governs the time requirement is consistent with the court of appeals' holding in *ACLU v. Thompson*, 155 Wis. 2d 442, 455 N.W.2d 268 (Ct. App. 1990). In *Thompson* the plaintiffs did not receive notice that the judgment had been entered in time to file an appeal. Consequently, they brought a motion under Wis. Stat. § 806.07 to vacate the judgment and reenter it so that a timely appeal could be filed. *See id.* at 445. In affirming the circuit court's order denying the plaintiffs' motion, the court of appeals determined that "[a] trial court cannot extend the time to appeal a final judgment by

---

[8] Wisconsin courts have also recognized that where a party is acting as a private attorney general, the costs incurred in retaining counsel are "necessary" costs. Where an individual is acting to enforce the public's rights, an award of attorneys' fees to a prevailing party may be recoverable because to fully enforce those guaranteed rights "assistance of counsel is fundamental." *Richland School Dist. v. DILHR*, 166 Wis. 2d 262, 283, 479 N.W.2d 579 (Ct. App. 1991) (*citing Watkins v. LIRC*, 117 Wis. 2d 753, 345 N.W.2d 482 (1984)), *aff'd* 174 Wis. 2d 878, 498 N.W.2d 826 (1993).

vacating and reentering the judgment."[9] *Id.* (citation omitted). Where a judgment resolves the merits of a 42 U.S.C. § 1983 action, it is a final judgment from which a party may appeal even though a request for attorneys' fees under 42 U.S.C. § 1988(b) has not been resolved because an award of fees " 'is uniquely separable from the cause of action to be proved at trial.' " *Id.* at 447 (quoting *White*, 455 U.S. at 452).

¶ 29. The court of appeals' decision in *Thompson* did not address the timeliness of the request for attorneys' fees under 42 U.S.C. § 1988(b). The plaintiffs in *Thompson* brought a motion for costs and attorneys' fees after the court released its memorandum decision but prior to the entry of judgment. *See id.* at 444. Thereafter, the parties agreed to postpone the resolution of the fees issue until after appeal. *See id.* There was no argument made that the request for fees was untimely and it was, in fact, brought within the time limitation set forth under Wis. Stat. § 806.06(4).

██

¶ 30. Our holding today does not negate the recognition that an award of attorneys' fees based upon the status of a prevailing party is a consideration separate from the underlying merits of the cause of action. In addition, our decision does not prohibit the parties from stipulating to postpone the issue of attorneys' fees or seeking to stay the proceedings pursuant to Wis.

───────────────

[9] Though not dispositive in this case, we note that the court of appeals' holding in *Thompson* was distinguished in a recent opinion of this court, wherein we determined that a circuit court may extend the statutory time to appeal by vacating and reentering a judgment where "compelling equitable considerations under § 806.07(1)(a)" outweigh "the goal of finality." *Edlund v. Wisconsin Physicians Serv. Ins. Corp.*, 210 Wis. 2d 639, 563 N.W.2d 519 (1997).

Stat. § 806.08. Hence, we do not restrict a circuit court's ability to economize its time and postpone fee issues pending the resolution of the underlying merits of a claim on appeal consistent with *Thompson*. We simply conclude that, absent either of these circumstances (e.g., postponement or stay pending appeal), the attorneys' fees must be taxed and inserted in the judgment within 30 days of the entry of judgment or notice of entry of judgment pursuant to Wis. Stat. § 806.06(4).

¶ 31. At oral argument, Hartman's counsel asserted that our decision in *Gorton v. American Cyanamid Co.*, 194 Wis. 2d 203, 533 N.W.2d 746 (1995), *cert. denied*, 516 U.S. 1067 (1996), and the court of appeals' decision in *Richland School Dist. v. DILHR*, 166 Wis. 2d 262, 479 N.W.2d 579 (Ct. App. 1991), *aff'd* 174 Wis. 2d 878, 498 N.W.2d 826 (1993), support Hartman's argument that the proper time limitation is set forth in *White*, 455 U.S. at 454. We disagree.

¶ 32. Our holding is consistent with our decision in *Gorton*. In *Gorton* we did not consider the timeliness of an attorneys' fees request under 42 U.S.C. § 1988(b). Rather we held that Wis. Stat. § 805.16, which governs time limitations for motions after verdict, was inapplicable to a request for attorneys' fees pursuant to Wis. Stat. § 100.18(11)(b)2. The request for fees in *Gorton* was filed within 30 days of the date of the entry of judgment.[10]

¶ 33. Furthermore, our holding in the present case is distinguishable from *Richland School Dist.*. In

---

[10] In *Gorton v. American Cyanamid Co.*, 194 Wis. 2d 203, 211, 533 N.W.2d 746 (1995), *cert. denied*, 516 U.S. 1067 (1996), the judgment on the verdict was entered in February 4, 1993, and the plaintiff filed a motion requesting attorneys' fees on March 4, 1993.

*Richland School Dist.* the court of appeals·stated that the appropriate time limitation for a motion for attorneys' fees in a Wis. Stat. ch. 227 review was "a reasonable time after the court enters a final order or judgment. . ." *Id.* at 285. This determination was made, however, only after the court of appeals recognized that the individual's "right to an award of attorney's fees for representation in this ch. 227 review is a court-created right. Having created the right and in the absence of legislation, the court may establish time limits for requesting an award. . ." *Id.* (citation omitted). *Richland School Dist.* involved issues of administrative review, and the court did not consider the timeliness of § 1988 attorneys' fees. Moreover, neither party in that case argued that Wis. Stat. § 806.06(4) governed the time limitation for attorneys' fees under those circumstances.

¶ 34. It is generally appropriate for Wisconsin circuit courts to apply Wisconsin's procedural rules in a federal civil rights action provided those rules do not "place conditions on the vindication of a federal right." *Felder v. Casey*, 487 U.S. 131, 139 (1988). "Federal law takes state courts as it finds them only insofar as those courts employ rules that do not 'impose unnecessary burdens upon rights of recovery authorized by federal laws.' " *Id.* at 150 (quoting *Brown v. Western R. Co. of Alabama*, 388 U.S. 294, 298–99 (1949)). Application of state procedural requirements is therefore appropriate to the extent that the rights of the parties are protected in accordance with controlling federal law. *See Felder*, 487 U.S. at 151.

¶ 35. Wisconsin Stat. § 806.06(4) adequately protects the rights of a federal civil rights plaintiff because it is even more generous than the rule that is applicable in federal courts. Under Rule 54(d) of the Federal

Rules of Civil Procedure a party has 14 days from the date of the entry of judgment to bring a motion for an award of attorneys' fees. Wisconsin Stat. § 806.06(4), on the other hand, allows a party 30 days from the date of the entry of judgment or notice of the entry of judgment to tax and insert costs into the judgment. Thus, the application of Wis. Stat. § 806.06(4) places no "unnecessary burdens" or "conditions" on the right of a party seeking attorneys' fees under § 1988 and is in accordance with controlling federal law. *Id.* at 150–51. Since there is an applicable Wisconsin statute governing the time limitation, there is no need to address either the application of Rule 54(d) of the Federal Rules of Civil Procedure or the federal common-law rule set forth in *White*, 455 U.S. at 454.

¶ 36. Having concluded that Wis. Stat. § 806.06(4) sets forth the time limitation for a request for attorneys' fees in an action under § 1988, we further conclude that Hartman failed to comply with Wis. Stat. § 806.06(4). Hartman asserts entitlement to attorneys' fees based in large part upon the County's rescission of its administrative policies on May 6, 1991, resulting in the return of the benefits levels to the status quo prior to October 1, 1990. This action by the County occurred many months prior to the circuit court's entry of judgment in November of 1993. The County caused entry of the circuit court's order, and thereafter forwarded a Notice of Entry of Order dated November 19, 1993, to Hartman. Because Hartman is claiming "prevailing party" status based in part upon the County's 1991 rescission of its reduction of benefits, Hartman should have taxed and inserted costs in the November 18, 1993, judgment based upon a catalyst theory[11] within

---

[11] Where a plaintiff does not obtain a favorable ruling on the merits of any claim, that plaintiff may still receive an award of

30 days of receipt of the November 19, 1993, Notice of Entry of Order.

██

¶ 37. The fact that Hartman subsequently appealed the circuit court's November 18, 1993, order does not alter our analysis. Hartman could have made an attempt to reach an agreement with the County to postpone the attorneys' fees issue, or Hartman could have brought a motion before the circuit court requesting stay of the attorneys' fees issue pending appeal. Absent either of these attempts to postpone the issue, however, Wis. Stat. § 806.06(4) required that Hartman tax and insert costs in the judgment within 30 days of receipt of Notice of the Entry of Order. Hartman did not file the Motion for an Award of Attorneys' Fees until November 16, 1995, and the request for attorneys' fees was therefore untimely.[12]

¶ 38. Because we conclude that Hartman's motion for an award of attorneys' fees was untimely, it is unnecessary for us to consider whether Hartman was a "prevailing party" as the term is used in 42

attorneys' fees if "the lawsuit served in part as a catalyst which prompted the defendant to take action [favorable to the plaintiff]." *United Handicapped Federation v. Andre*, 622 F.2d 342, 346 (8th Cir. 1980). *See also, Hendrickson v. Branstad*, 934 F.2d 158, 161 (8th Cir. 1991); *Dawson v. Pastrick*, 600 F.2d 70, 79 (7th Cir. 1979).

[12] Even if we were to assume that the date of entry of judgment is the April 19, 1995, decision of the court of appeals or even the June 9, 1995, date of remittitur of the record to the circuit court, Hartman's request for fees was untimely under Wis. Stat. § 806.06(4) because it was not filed until November 16, 1995.

U.S.C. § 1988(b) entitling Hartman to an award of reasonable attorneys' fees.[13]

*By the Court.*—The decision of the court of appeals is reversed.

---

[13] We deny the Motion of Plaintiffs-Appellants to Strike Section III of the Reply Brief of Defendants-Respondents-Petitioners received by the Clerk of the Wisconsin Supreme Court on August 22, 1997. This court ordered that the motion be held in abeyance pending our consideration of the merits of this case upon review. Because we are reversing the court of appeals and holding that Hartman's request for an award of attorneys' fees was untimely, we find it unnecessary to address the County's argument that this litigation is pending in violation of 45 C.F.R. Part 1617, as well as Hartman's argument that this issue was raised by the County for the first time in its reply brief.